# JEREMIAH MOORS *versus* ROBERT SMART

November 21, 1825

Andrew G. Whitney, attorney for plaintiff (defendant in certiorari).
William A. Fletcher, attorney for defendant (plaintiff in certiorari).

## [OPINION]

Moors vs Smart— Judg[t] by Justice Rowland for Pltff— removed by certiorari—

I am satisfied upon perusal of the Record, and accompanying evidence, that the judg[t] is wrong on the merits—

No contract either express[d] or implied, was proved ag[t] Smart, But is rebutted by shewing that Merit and others are the persons who contracted with More, not for acc[t] of Smart but themselves— To *assume* the fact of liability, on the ground that the house was to be Smarts when finished, merely because Moors worked on the house at the request of Merit & others, the Contractors, would be establishing a dangerous precedent, and one that would defeat the operation of all Contracts

of that nature. Smart, in relation to the mason work on the house was as respected Moores, a mere stranger and no privity of Contract existed between them to support an implied assumpsit— No proof of a promise was introduced on the trial, nor pretended to exist— The testimony shews that Moors was apprised by Scott and Merit, that they had undertaken to Build the house for a gross sum, which Smart was to pay them when the house was erected— He was also apprised that Smart had sold the interest in his note to Merit and Scott, and that he on being apprised of the fact assented to the sale and agreed to work for them to satisfy s^d note, and did actually give his due Bill to one of the partners, for a part of the note, which was by his Consent indorsed on the same— Altho satisfied on the Merits, that the Judgment is wrong, yet I do not consider myself authorised to reverse the judg^t on that ground— I do not Consider the statute, in its Terms to give the Court that authority, nor can I believe it ever was the intention of the makers of that Statute to give that authority to this Court.— The Legislature have provided a way by appeal in which the decisions of magistrates may be reviewed if the parties are dissatisfied with the Merits of the Judg^t— As this mode is adequate and plainly pointed out by Law, there can be no valid reason urged, to induce this Court to assume a jurisdiction, where the Legal right is doubtful—

It is contended, however that this Court has the authority to enquire into the merits, and if dissatisfied with the Judg^t to reverse it— In support of this position, cases have been cited from N York, going to shew that the Supreme Court of that State have so decided in putting a construction on the same statute, which it is Contended is imperative on this Court, upon the assumed ground, that where a Statute or Law is adopted, the Construction of the Law as settled by the adjudications of the State are also adopted— I cannot assent to the doctrine Contended for in the full latitude as urged— Perfection does not fall to the lot of any man or set of men, however elevated they may be in public estimation— Courts may commit errors in construing of statutes, which on the doctrine contended for would render them perpetual—

I shall always pay great respect to authority and adjudged cases, as well as to the reasoning of intelligent Judges on questions of Law— But I cannot agree wholly to surrender my own Judgment to the guidance of others, particularly as I am held responsible for the opinions I may give

By the 16 Section of the Statute a Judge is authorised and required to allow a Certiorari when he is of opinion that there is error in the judgm^t if the error is pointed out by the affidavit— and by the 17 Section, the Magistrate is to make return to the facts in the affidavit alledged for error— I cannot perceive any thing in the Statute, that goes to change the principles of Com. Law as governing the operation of this writ— In many instances as pointed out in our Books it performs the office of a writ of error—Such is the province attached to the use of a Certiorari by our Statute, and I believe no other— The whole conduct of the Magistrate, from issuing process to entry of Judg^t may be reviewed by this Court and if he has committed any errors, that could be alledged upon a writ of error, this Court can correct them— But the merits, whether passed on by the justice or a Jury, are not reviewable by the writ of Certiorari— The admission of improper Testimony, or the rejection of Legal evidence, or mistaking the Law in charging the Jury, are proper subjects of enquiry by the Court—

On the trial in this case the Magistrate suffered the Jury to take out the note made by Mores to Smart and to use it as an offset ag^t Moores—when from the evidence it is evident, that it was not offered in evidence for that purpose, but in

proof of a collateral matter— In permitting the Jury to take the note the Magistrate, evidently erred, and for that cause I am of opinion that the Judg$^t$ should be reversed—

It is not necessary for me to give an opinion on the error said to have been made by the jury in settling the am$^t$ of damages— If the construction I have given to the act is correct, it would follow that the Court could not legally sustain that enquiry upon a writ of Certiorari—